**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 19-4277

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

STEPHEN V. MCGRATH,

Defendant – Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Paul W. Grimm, District Judge.  (8:18-cr-00038-PWG-1)

Argued:  October 28, 2020                     Decided:  November 30, 2020

Before GREGORY, Chief Judge, WILKINSON, and KEENAN, Circuit Judges.

Dismissed by published opinion.  Chief Judge Gregory wrote the opinion, in which Judge Wilkinson and Judge Keenan joined.

Justin Eisele, SEDDIQ LAW FIRM, Rockville, Maryland, for Appellant.  Joseph Ronald Baldwin, OFFICE OF THE UNITED STATES ATTORNEY, Greenbelt, Maryland, for Appellee.

GREGORY, Chief Judge:

Stephen V. McGrath pled guilty, pursuant to a written plea agreement, to coercion and enticement of a minor in violation of 18 U.S.C. § 2422(b) ("Count I"), and possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) ("Count II"). As part of the plea agreement, McGrath agreed to waive his right to appeal "whatever sentence is imposed (including any term of imprisonment . . .) for any reason (including the establishment of the advisory sentencing guidelines range, the determination of the Defendant's criminal history, the weighing of the sentencing factors, and any constitutional challenges to the calculation and imposition of any term of imprisonment . . .)," except that he "reserve[d] the right to appeal any term of imprisonment to the extent that it exceeds any sentence within the advisory guidelines range resulting from an offense level of 43." J.A. 74.

As to Count I, McGrath faced a mandatory minimum sentence of 10 years and a maximum of life imprisonment. Count Two had no mandatory minimum sentence but had a statutory maximum sentence of ten years. Based on McGrath's total offense level of 43, and a criminal history category of I, his advisory Sentencing Guidelines range was life imprisonment. The court imposed a 264-month sentence as to Count I and a 120-month sentence on Count II to run concurrently, for a total of 264 months, followed by 25 years of supervised release.

McGrath appeals his sentence on two grounds. First, he argues that his sentence was procedurally unreasonable because the district court failed to consider his nonfrivolous mitigation argument that based on statistical data on sex offender recidivism rates proffered

2

at sentencing, McGrath would not be a risk to others if he were afforded access to community-based treatment, and was no more likely to reoffend than other offenders. Second, he contends the district court violated his due process rights when it used "religious language" in sentencing him and equated the seriousness of his sex offenses to that of homicide. McGrath does not challenge the validity of his appeal waiver but argues that his grounds for appeal fall outside the waiver's scope.[1] The Government seeks to enforce the appeal waiver and dismiss McGrath's appeal.

Where the Government seeks to enforce an appeal waiver and the defendant has not alleged a breach of the plea agreement, we will enforce a valid appeal waiver where the issue being appealed is within the scope of the waiver. *See United States v. Dillard*, 891 F.3d 151, 156 (4th Cir. 2018) (citations omitted). Upon careful examination of the terms of the waiver, we find that McGrath's challenges to his sentence fall squarely within the waiver's scope. By its express terms, the appeal waiver is applicable to any sentence imposed "for any reason," including "the weighing of the sentencing factors, and any

---

[1] Even if McGrath had challenged the validity of the appeal waiver, the record establishes that the waiver is valid and enforceable. The validity of an appeal waiver depends on whether the defendant knowingly and intelligently agreed to waive his right to appeal. *United States v. Attar*, 38 F.3d 727, 731 (4th Cir. 1994). Here, the plea colloquy confirms that McGrath understood the meaning and consequences of the waiver. He acknowledged he had reviewed the plea agreement with his counsel, understood its terms, and had sufficient time to consult with his counsel before signing it. J.A. 23-24. The court drew McGrath's attention to the plea agreement's waiver provision and explained its terms, including the stipulated combined offense level of 43, and that the Guidelines recommended a sentence of life imprisonment, before making a specific finding that McGrath understood that "[i]f [the court] sentence[s] him at or below the offense level 43, he has no right to appeal . . . ." J.A. 41, 49, 63. Nothing in the record suggests that McGrath understood otherwise.

constitutional challenges to the calculation and imposition of any term of imprisonment . . . ." J.A. 74. Thus, the appeal waiver bars any appeal of McGrath's sentence based on an alleged failure to consider his nonfrivolous statistical argument or any purported due process violation.[2]

Finding that McGrath's grounds for appeal are barred by his appeal waiver, the only sentence for which McGrath reserved the right to appeal is "any term of imprisonment to the extent that it exceeds any sentence within the advisory guidelines range resulting from an offense level of 43." J.A. 74. McGrath was sentenced to 264 months, far below the advisory Guidelines range of life in prison. Accordingly, we dismiss McGrath's appeal.

*DISMISSED*

---

[2] In some limited circumstances claims of constitutional error may be sufficient to escape the bar of an appellate waiver. *See United States v. Thornsbury*, 670 F.3d 532, 539–40 (4th Cir. 2012); *Attar*, 38 F.3d at 732 n.2. But if this Court were to reach the merits of McGrath's arguments, we find that neither presents a constitutional claim. Here, McGrath's nonfrivolous statistical argument regarding his likelihood to reoffend presents no constitutional claim at all. And the district court's references to "God," "soul," and "spirit," in sentencing McGrath do not support a colorable claim that his sentence was based on a constitutionally impermissible factor. The court's references did not "create a perception of the bench as pulpit" from which the court punished him for offending its "personal sense of religiosity." *See United States v. Bakker*, 925 F.2d 728, 741 (4th Cir. 1991). What McGrath characterizes as constitutional error is simply his dissatisfaction with the sentence imposed.