**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 22-4334**

─────────────

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

RICHARD OMAR MCCORMICK,

                    Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Terrence W. Boyle, District Judge.  (5:18-cr-00100-BO-2)

─────────────

Submitted:  January 11, 2023                              Decided:  January 23, 2023

─────────────

Before WILKINSON, WYNN, and HARRIS, Circuit Judges.

─────────────

Affirmed in part, dismissed in part by unpublished per curiam opinion.

─────────────

**ON BRIEF:**  G. Alan DuBois, Federal Public Defender, Eric Joseph Brignac, Chief Appellate Attorney, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  David A. Bragdon, Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Richard Omar McCormick pled guilty, pursuant to a plea agreement, to conspiracy to distribute and possess with the intent to distribute 280 grams or more of cocaine base and a quantity of cocaine, in violation of 21 U.S.C. § 846, and possession with the intent to distribute a quantity of cocaine, in violation of 21 U.S.C. § 841(a)(1). The district court sentenced McCormick to 135 months' imprisonment and imposed five- and three-year terms of supervised release with certain conditions. We affirmed McCormick's convictions but vacated his sentence and remanded for resentencing because the district court included discretionary conditions of supervised release in its written judgment that it had not announced at the sentencing hearing. *United States v. McCormick*, No. 19-4722, 2021 WL 4947143, at \*2 (4th Cir. Oct. 25, 2021) (argued but unpublished) (citing *United States v. Singletary*, 984 F.3d 341, 345 (4th Cir. 2021), and *United States v. Rogers*, 961 F.3d 291, 297-98 (4th Cir. 2020)).

On remand, the district court reimposed the 135-month sentence and the five- and three-year terms of supervised release with certain conditions, all of which were announced at the resentencing hearing. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether the district court procedurally erred by not specifically addressing McCormick's arguments for a lower sentence. McCormick was informed of his right to file a pro se supplemental brief, but he has not done so. The Government moves to dismiss the appeal pursuant to the appellate waiver in McCormick's plea agreement. We affirm in part and dismiss in part.

"We review the validity of an appellate waiver *de novo*." *United States v. Soloff*, 993 F.3d 240, 243 (4th Cir. 2021). "Where the Government seeks to enforce an appeal waiver and the defendant has not alleged a breach of the plea agreement, we will enforce a valid appeal waiver where the issue being appealed is within the scope of the waiver." *United States v. McGrath*, 981 F.3d 248, 250 (4th Cir. 2020). "A waiver is valid if the defendant knowingly and intelligently agreed to waive the right to appeal." *Soloff*, 993 F.3d at 243 (internal quotation marks omitted). "To determine whether a waiver is knowing and intelligent, we examine the totality of the circumstances, including the experience and conduct of the accused, as well as the accused's educational background and familiarity with the terms of the plea agreement." *United States v. Thornsbury*, 670 F.3d 532, 537 (4th Cir. 2012) (internal quotation marks omitted). "Generally though, if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *United States v. McCoy*, 895 F.3d 358, 362 (4th Cir. 2018) (internal quotation marks omitted).

Our review of the record confirms that McCormick knowingly and voluntarily waived his right to appeal, with limited exceptions not applicable here. We therefore conclude that the waiver is valid and enforceable and that the issue counsel raises falls squarely within the scope of the waiver.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no potentially meritorious issues outside the scope of McCormick's valid appellate waiver. We therefore grant the Government's motion to dismiss in part and dismiss the

3

appeal as to all issues within the scope of the waiver.  We otherwise affirm.  This court requires that counsel inform McCormick, in writing, of the right to petition the Supreme Court of the United States for further review.  If McCormick requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on McCormick.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*

4