**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-4383

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KIJUAN HAASSAN SHARP,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Louise W. Flanagan, District Judge.  (5:19-cr-00384-FL-1)

Submitted:  June 5, 2023                          Decided:  June 29, 2023

Before GREGORY, Chief Judge, KING, Circuit Judge, and KEENAN, Senior Circuit Judge.

Dismissed in part, affirmed in part by unpublished per curiam opinion.

**ON BRIEF:** G. Alan DuBois, Federal Public Defender, Jennifer C. Leisten, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant. David A. Bragdon, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kijuan Haassan Sharp appeals his conviction and 135-sentence imposed pursuant to his guilty plea to bank robbery. On appeal, Sharp's counsel has filed a brief pursuant to *Anders v. California,* 386 U.S. 738 (1967), asserting that, given the appellate waiver in Sharp's plea agreement, there are no meritorious issues for appeal. However, counsel questions whether Sharp's plea was voluntary, arguing that the Government made promises to Sharp that were not fulfilled. Counsel also contends that the supervised release warrantless search condition was procedurally and substantively unreasonable. The Government declined to file a brief, but filed a motion to dismiss the portion of Sharp's appeal that falls within the scope of the appellate waiver in his plea agreement. Sharp concedes that his waiver was knowing and voluntary and that his challenge to his supervised release fell within the scope of the waiver. However, he opposes the motion to dismiss contending that Sharp's claims of prosecutorial misconduct and involuntary guilty plea were not within the scope of his waiver. We grant the motion to dismiss, dismiss the appellate issues falling within the scope of Sharp's waiver, and affirm the remaining issues on appeal.

This court "review[s] the validity of an appellate waiver *de novo*." *United States v. Soloff*, 993 F.3d 240, 243 (4th Cir. 2021). "Where the Government seeks to enforce an appeal waiver and the defendant has not alleged a breach of the plea agreement, we will enforce a valid appeal waiver where the issue being appealed is within the scope of the waiver." *United States v. McGrath*, 981 F.3d 248, 250 (4th Cir. 2020). "A waiver is valid

2

if the defendant knowingly and intelligently agreed to waive the right to appeal." *Soloff*, 993 F.3d at 243 (internal quotation marks omitted).

Neither counsel nor Sharp questions the validity of the appellate waiver. Moreover, the language of the appellate waiver in the plea agreement was unambiguous, and Sharp averred at his Fed. R. Crim. P. 11 hearing that he understood the waiver. In addition, although Sharp proceeded pro se below, he had the benefit of standby counsel who reviewed the plea agreement with him multiple times. Thus, we conclude that Sharp knowingly and voluntarily waived his right to appeal. Accordingly, we grant the Government's motion to dismiss any claims falling within the scope of the waiver.

The sentencing issue regarding the supervised release condition raised in the *Anders* brief falls squarely within the scope of the waiver, and Sharp does not assert otherwise. However, both parties agree that Sharp's challenge to his guilty plea falls outside the scope of the waiver, and we agree.

In that claim, Sharp asserts that his plea was not knowing and voluntary because the Government made oral promises to him, not included in the plea agreement, that were not honored. Specifically, he contends that the parties agreed that any enhancements not specifically mentioned in the plea agreement would not apply. At sentencing, however, the district court imposed additional enhancements.

To prevail on a claim of prosecutorial misconduct, a defendant must show (1) that the prosecutor's conduct was, in fact, improper and (2) that such conduct prejudiced the defendant to such an extent as to deprive the defendant of a fair trial. *United States v. Allen*, 491 F.3d 178, 191 (4th Cir. 2007). "[A] properly conducted Rule 11 plea colloquy raises

3

a strong presumption that the plea is final and binding." *United States v. Walker*, 934 F.3d 375, 377 n.1 (4th Cir. 2019) (internal quotation marks omitted); *see United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005) ("A defendant's solemn declarations in open court affirming a plea agreement carry a strong presumption of verity because courts must be able to rely on the defendant's statements made under oath during a properly conducted Rule 11 plea colloquy." (cleaned up)).

Prior to accepting Sharp's guilty plea, the district court inquired into whether there were any promises made to Sharp that were not included in the plea agreement. Sharp denied that there were any such promises. In addition, the plea agreement stated that it was the full and complete agreement between the parties. Thus, there is no support in the record for the conclusion that the Government made any improper promises.

Moreover, even if the Government acted inappropriately, the record does not support the conclusion that Sharp was prejudiced by any such misconduct. Notably, upon learning that the Government would not honor its alleged promises, Sharp did not move to withdraw his plea. Further, any agreements by the parties regarding enhancements were not binding on the district court, and Sharp conceded that the enhancements were properly applied to his conduct. Therefore, even had the Government not argued in favor of the enhancements,[1] the district court would still have been free to apply them. Finally, the record does not provide any reason to believe that, had the Government not made the

---

[1] In fact, the Government merely stated that it believed the presentence report was correct. The Government did not present independent argument in favor of the enhancements, likely because Sharp did not contest the fact that they applied to his conduct.

4

alleged promises, Sharp would not have pled guilty. Thus, we reject Sharp's claim of prosecutorial misconduct, which is unsupported by the record on appeal.[2]

We have reviewed the record in accordance with *Anders* and have found no nonfrivolous grounds for relief falling outside the scope of Sharp's valid waiver. Accordingly, we grant the Government's motion to dismiss and dismiss all claims falling within the scope of the waiver. We affirm the district court's ruling accepting Sharp's guilty plea as knowing and voluntary. This court requires that counsel inform Sharp, in writing, of the right to petition the Supreme Court of the United States for further review. If Sharp requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Sharp. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*

---

[2] Moreover, "[a] reviewing court on direct appeal is limited to the record of trial and cannot consider any extrinsic evidence." *Galbraith v. United States*, 313 F.3d 1001, 1007 (7th Cir. 2002). While this claim might be amplified by extrinsic evidence (like affidavits from Smith and Sharp and recordings of phone calls and meetings that appear to exist (J.A. 139-46), such evidence should have been submitted in a motion to withdraw the guilty plea or may be presented in the future in a 28 U.S.C. § 2255 motion. *United States v. Phillips,* 914 F.2d 835, 840 (7th Cir. 1990).