**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 24-4260

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JESSE BERNALE STINES, JR., a/k/a Shyne,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Louise W. Flanagan, District Judge.  (5:18-cr-00510-FL-1)

_____

Submitted:  December 19, 2024                    Decided:  December 27, 2024

_____

Before KING and BERNER, Circuit Judges, and TRAXLER, Senior Circuit Judge.

_____

Affirmed in part and dismissed in part by unpublished per curiam opinion.

_____

**ON BRIEF:**  Mitchell G. Styers, BANZET, THOMPSON, STYERS & MAY, PLLC, Warrenton, North Carolina, for Appellant.  David A. Bragdon, Assistant United States Attorney, Katherine Simpson Englander, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jesse Bernale Stines, Jr., pled guilty, pursuant to a written plea agreement, to possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), and possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). The district court sentenced Stines to 151 months' imprisonment and three years of supervised release with certain conditions. We affirmed Stines's convictions but vacated his sentence and remanded for resentencing because the district court included discretionary conditions of supervised release in its written judgment that it had not announced at the sentencing hearing. *United States v. Stines*, No. 23-4444 (4th Cir. Feb. 5, 2024) (unpublished order); *see United States v. Rogers*, 961 F.3d 291, 297-301 (4th Cir. 2020); *United States v. Singletary*, 984 F.3d 341, 344-47 (4th Cir. 2021).

On remand, the district court reimposed the 151-month sentence and the three-year term of supervised release with certain conditions, all of which were announced at the resentencing hearing. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether Stines's sentence is procedurally and substantively reasonable. Although informed of his right to do so, Stines has not filed a pro se supplemental brief. The Government moves to dismiss Stines's appeal pursuant to the appellate waiver in his plea agreement. We affirm in part and dismiss in part.

"We review the validity of an appellate waiver de novo." *United States v. Soloff*, 993 F.3d 240, 243 (4th Cir. 2021). "Where the Government seeks to enforce an appeal waiver and the defendant has not alleged a breach of the plea agreement, we will enforce a

valid appeal waiver where the issue being appealed is within the scope of the waiver." *United States v. McGrath*, 981 F.3d 248, 250 (4th Cir. 2020). "A waiver is valid if the defendant knowingly and intelligently agreed to waive the right to appeal." *Soloff*, 993 F.3d at 243 (internal quotation marks omitted). "To determine whether a waiver is knowing and intelligent, we examine the totality of the circumstances, including the experience and conduct of the accused, as well as the accused's educational background and familiarity with the terms of the plea agreement." *United States v. Thornsbury*, 670 F.3d 532, 537 (4th Cir. 2012) (internal quotation marks omitted). "Generally though, if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *United States v. McCoy*, 895 F.3d 358, 362 (4th Cir. 2018) (internal quotation marks omitted).

Our review of the record confirms that Stines knowingly and intelligently waived his right to appeal his sentence, with limited exceptions not applicable here. We therefore conclude that the waiver is valid and enforceable and that the issue counsel raises falls squarely within the scope of the waiver.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no potentially meritorious grounds for appeal outside the scope of Stines's valid appellate waiver. We therefore grant the Government's motion to dismiss in part and dismiss the appeal as to all issues covered by the waiver. We deny the motion in part and otherwise affirm.

This court requires that counsel inform Stines, in writing, of the right to petition the Supreme Court of the United States for further review. If Stines requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Stines. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*