**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 23-4666**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JOSHUA ERVIN CAVE,

        Defendant - Appellant.

---

Appeal from the United States District Court for the Northern District of West Virginia, at Elkins.  Thomas S. Kleeh, Chief District Judge.  (2:22-cr-00030-TSK-MJA-1)

---

Submitted:  January 31, 2025                          Decided:  February 11, 2025

---

Before WYNN, HARRIS, and RICHARDSON, Circuit Judges.

---

Dismissed by unpublished per curiam opinion.

---

**ON BRIEF:**  James R. Fox, FOX LAW OFFICE, PLLC, Hurricane, West Virginia, for Appellant.  William Ihlenfeld, United States Attorney, Wheeling, West Virginia, Stephen Warner, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Elkins, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joshua Ervin Cave seeks to appeal his sentence after pleading guilty to possession with intent to distribute "ice" methamphetamine and unlawful possession of a firearm. In his plea agreement, Cave stipulated that his drug relevant conduct was 338 grams of methamphetamine that was more than 80% pure (ice). He also waived his right to appeal his sentence, including "any constitutional challenge to the calculation and imposition of any term of imprisonment." On appeal, Cave challenges the district court's imposition of a Guidelines-range sentence. In particular, he argues that the disparity in punishment for "pure" methamphetamine and "mixture" methamphetamine violates his equal protection and due process rights, because other federal courts are imposing lower sentences. The Government contends that this appeal is barred by Cave's valid appeal waiver; and his appeal issues are also without merit. Cave does not dispute that his appeal waiver is valid but argues that he did not waive his constitutional claims. We dismiss the appeal.

"When the government invokes an appeal waiver, we enforce it if it is valid and if the issue being appealed falls within the scope of the waiver." *United States v. Moran*, 70 F.4th 797, 801 (4th Cir. 2023) (internal quotation marks omitted). "'[A]n appellate waiver is valid if the defendant's agreement to the waiver was knowing and intelligent.'" *United States v. Toebbe*, 85 F.4th 190, 201 (4th Cir. 2023). "We use traditional principles of contract law to determine whether an issue falls within the scope of a valid waiver." *United States v. Carter*, 87 F.4th 217, 224 (4th Cir. 2023).

"Still, a defendant who agrees to a valid appellate waiver 'does not subject himself to being sentenced entirely at the whim of the district court.'" *Id*. at 225 (quoting *United*

2

*States v. Marin*, 961 F.2d 493, 496 (4th Cir. 1992)). "Rather, a defendant 'retains the right to obtain appellate review of his sentence on certain limited grounds.'" *Id*. (quoting *United States v. Attar*, 38 F.3d 727, 732 (4th Cir. 1994)). "For example, [n]o appeal waiver . . . can bar a defendant's right to challenge his sentence as outside a statutorily prescribed maximum or based on a constitutionally impermissible factor such as race." *Toebbe*, 85 F.4th at 202 (internal quotation marks omitted). "In such circumstances, we have explained, 'the errors allegedly committed by the district court were errors that the defendants could not have reasonably contemplated when the plea agreements were executed.'" *Id*. (quoting *United States v. Blick*, 408 F.3d 162, 172 (4th Cir. 2005)).

"[A]s we have observed, the 'only' circumstance in which we have 'declined to enforce a valid appeal waiver [is] where the sentencing court violated a fundamental constitutional or statutory right that was firmly established at the time of sentencing.'" *Id*. (quoting *United States v. Archie*, 771 F.3d 217, 223 (4th Cir. 2014)); *see also United States v. McGrath*, 981 F.3d 248, 250-51 & n.2 (4th Cir. 2020) (dismissing a defendant's due process claim where allegations did not support "a colorable claim that his sentence was based on a constitutionally impermissible factor"). "[O]ur jurisprudence clearly indicates that a defendant's mere expectation of a lower sentence, even if reasonable, is not a ground for us to fail to enforce the defendant's valid appeal waiver." *Toebbe*, 85 F.4th at 203.

Upon our review of the record, we conclude that Cave's appeal waiver is valid, and the issues he seeks to pursue on appeal fall within the scope of the waiver. We further conclude that Cave has not established that the district court relied on a constitutionally impermissible factor in sentencing; that it violated a fundamental constitutional right that

was firmly established at the time of sentencing under "binding authority" in support of that right in these circumstances; or that it would be fundamentally unfair or a miscarriage of justice to enforce his appeal waiver. *See Carter*, 87 F.4th at 226 & n.3; *Toebbe*, 85 F.4th at 203; *United States v. McKinney*, 60 F.4th 188, 192 (4th Cir. 2023).

Accordingly, we dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED*