**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 24-4487**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DEREK HIGHSMITH, a/k/a D-High,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (5:19-cr-00395-D-20)

———————

Submitted:  March 27, 2025                    Decided:  March 31, 2025

———————

Before THACKER and BERNER, Circuit Judges, and KEENAN, Senior Circuit Judge.

———————

Affirmed in part and dismissed in part by unpublished per curiam opinion.

———————

**ON BRIEF:**  Helen Celeste Smith, Apex, North Carolina, for Appellant.  David A. Bragdon, Assistant United States Attorney, Katherine Simpson Englander, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Derek Highsmith pled guilty, pursuant to a written plea agreement, to conspiracy to distribute and possession with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), 846.  The district court sentenced Highsmith to 108 months' imprisonment, to be served consecutively to an undischarged state sentence, and five years of supervised release.  On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether Highsmith's sentence is procedurally reasonable. Although informed of his right to do so, Highsmith has not filed a pro se supplemental brief.  The Government moves to dismiss Highsmith's appeal pursuant to the appellate waiver in his plea agreement.  We affirm in part and dismiss in part.

"We review the validity of an appellate waiver de novo."  *United States v. Soloff*, 993 F.3d 240, 243 (4th Cir. 2021).  "Where the Government seeks to enforce an appeal waiver and the defendant has not alleged a breach of the plea agreement, we will enforce a valid appeal waiver where the issue being appealed is within the scope of the waiver." *United States v. McGrath*, 981 F.3d 248, 250 (4th Cir. 2020).  "A waiver is valid if the defendant knowingly and intelligently agreed to waive the right to appeal."  *Soloff*, 993 F.3d at 243 (internal quotation marks omitted).  "To determine whether a waiver is knowing and intelligent, we examine the totality of the circumstances, including the experience and conduct of the accused, as well as the accused's educational background and familiarity with the terms of the plea agreement."  *United States v. Thornsbury*, 670 F.3d 532, 537 (4th Cir. 2012) (internal quotation marks omitted).  "Generally though, if a

2

district court questions a defendant regarding the waiver of appellate rights during the [Fed. R. Crim. P.] 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *United States v. McCoy*, 895 F.3d 358, 362 (4th Cir. 2018) (internal quotation marks omitted).

Our review of the record confirms that Highsmith knowingly and intelligently waived his right to appeal his sentence, with limited exceptions not applicable here. We therefore conclude that the waiver is valid and enforceable and that the sentencing issue counsel raises falls squarely within the scope of the waiver.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no potentially meritorious grounds for appeal outside the scope of Highsmith's valid appellate waiver. We therefore grant the Government's motion to dismiss in part and dismiss the appeal as to all issues covered by the waiver. We deny the motion in part and otherwise affirm.

This court requires that counsel inform Highsmith, in writing, of the right to petition the Supreme Court of the United States for further review. If Highsmith requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Highsmith. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*