**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 24-4292**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

REGINALD WEBB,

        Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Dever III, District Judge. (5:21-cr-00148-D-1)

---

Submitted: May 22, 2025                 Decided: May 27, 2025

---

Before KING, AGEE, and WYNN, Circuit Judges.

---

Affirmed in part and dismissed in part by unpublished per curiam opinion.

---

**ON BRIEF:** Mitchell G. Styers, BANZET, THOMPSON, STYERS & MAY, PLLC, Warrenton, North Carolina, for Appellant. David A. Bragdon, Assistant United States Attorney, Katherine Simpson Englander, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Reginald Webb pled guilty, pursuant to a written plea agreement, to distributing a quantity of heroin, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). The district court sentenced Webb to 198 months' imprisonment and three years of supervised release. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether Webb's sentence is substantively reasonable. Webb has filed a pro se supplemental brief asserting that his sentence is procedurally and substantively unreasonable, and that the district court judge exhibited bias against him at sentencing. The Government moves to dismiss Webb's appeal pursuant to the appellate waiver in his plea agreement. We affirm in part and dismiss in part.

"We review the validity of an appellate waiver de novo." *United States v. Soloff*, 993 F.3d 240, 243 (4th Cir. 2021). "Where the Government seeks to enforce an appeal waiver and the defendant has not alleged a breach of the plea agreement, we will enforce a valid appeal waiver where the issue being appealed is within the scope of the waiver." *United States v. McGrath*, 981 F.3d 248, 250 (4th Cir. 2020). "A waiver is valid if the defendant knowingly and intelligently agreed to waive the right to appeal." *Soloff*, 993 F.3d at 243 (internal quotation marks omitted). "To determine whether a waiver is knowing and intelligent, we examine the totality of the circumstances, including the experience and conduct of the accused, as well as the accused's educational background and familiarity with the terms of the plea agreement." *United States v. Thornsbury*, 670 F.3d 532, 537 (4th Cir. 2012) (internal quotation marks omitted). "Generally though, if a

2

district court questions a defendant regarding the waiver of appellate rights during the [Fed. R. Crim. P.] 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *United States v. McCoy*, 895 F.3d 358, 362 (4th Cir. 2018) (internal quotation marks omitted).

Our review of the record confirms that Webb knowingly and intelligently waived his right to appeal his sentence, with limited exceptions not applicable here. We therefore conclude that the waiver is valid and enforceable and that the sentencing issues counsel and Webb raise fall squarely within the scope of the waiver.

However, we have identified a "narrow class of claims" that may be raised despite a valid general appeal waiver. *United States v. Lemaster*, 403 F.3d 216, 220 n.2 (4th Cir. 2005). To the extent Webb's allegation of judicial bias asserts that the court violated his right to due process at sentencing, "to prevail in a deprivation of due process claim, a defendant must show a level of bias that made fair judgment impossible." *Rowsey v. Lee*, 327 F.3d 335, 341 (4th Cir. 2003) (internal quotation marks omitted). The record does not support Webb's claims that the district court judge exhibited bias against him, much less bias that would have made "fair judgment impossible." *Id.*

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore grant the Government's motion to dismiss in part and dismiss the appeal as to all issues covered by the waiver. We deny the motion in part and otherwise affirm.

This court requires that counsel inform Webb, in writing, of the right to petition the Supreme Court of the United States for further review. If Webb requests that a petition be

3

filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Webb.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*

4