**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 23-4627
_____

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

KEITH LASHON BELL,

Defendant – Appellant.

_____

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  David J. Novak, District Judge.  (3:12-cr-00189-DJN-1)

_____

Argued:  May 8, 2025                                                     Decided:  August 6, 2025

_____

Before GREGORY, RUSHING and BENJAMIN, Circuit Judges.

_____

Dismissed by unpublished per curiam opinion.

_____

**ARGUED:**  Joseph Stephen Camden, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Richmond, Virginia, for Appellant.  Daniel J. Honold, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.  **ON BRIEF:** Geremy C. Kamens, Federal Public Defender, Patrick L. Bryant, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Alexandria, Virginia, for Appellant.  Erik S. Siebert, United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

On December 7, 2012, Keith Lashon Bell pled guilty pursuant to a written plea agreement to two counts of conspiracy to commit robbery affecting commerce in violation of 18 U.S.C. § 1951(a) and one count of using and carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1) and (2) in connection with two convenience store robberies in 2011. Bell was sentenced to 240 months' imprisonment on the conspiracy counts, to be served concurrently, and 60 months' imprisonment for the firearm count, to be served consecutively. Bell's federal sentence was to be served consecutively to any other sentence he was serving at that time. On March 8, 2023, Bell filed a motion under 28 U.S.C. § 2255, seeking to vacate his conviction and sentence for the firearm count pursuant to *United States v. Davis*, 588 U.S. 445 (2019). The district court granted Bell's motion, vacated his conviction and sentence as to the firearm count, and resentenced Bell to the same initial sentence for the robbery counts: 240 months' imprisonment to be served concurrently.

Bell now appeals, arguing that the district court should have given Bell credit for his state sentence for a probation violation related to the same robberies, and that his 240-month sentence is otherwise unreasonable. The Government moved to dismiss Bell's appeal in light of the appellate waiver in the written plea agreement. We grant the motion to dismiss.

I.

2

We review the validity of a defendant's waiver of appellate rights *de novo*. *United States v. Soloff*, 993 F.3d 240, 243 (4th Cir. 2021) (citing *United States v. Adams*, 814 F.3d 178, 182 (4th Cir. 2016)). "A waiver is valid 'if the defendant knowingly and intelligently agreed to waive the right to appeal.' " *Id.* (quoting *United States v. Blick*, 408 F.3d 162, 169 (4th Cir. 2005)). When determining whether a waiver is knowing and intelligent, "we examine 'the totality of the circumstances, including the experience and conduct of the accused, as well as the accused's educational background and familiarity with the terms of the plea agreement.' " *United States v. Thornsbury*, 670 F.3d 532, 537 (4th Cir. 2012) (quoting *United States v. General*, 278 F.3d 389, 400 (4th Cir. 2002)). "[T]he law ordinarily considers a waiver knowing, intelligent, and sufficiently aware if the defendant fully understands the nature of the right and how it would likely apply *in general* in the circumstances—even though the defendant may not know the *specific detailed* consequences of invoking it." *Id.* (quoting *United States v. Ruiz*, 536 U.S. 622, 629 (2002)). "Generally, if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *Id.* (citing *United States v. Johnson*, 410 F.3d 137, 151 (4th Cir. 2005)).

Here, Bell knowingly and voluntarily waived the right to appeal his sentence. At the beginning of the plea agreement hearing, the magistrate judge determined that Bell had not taken any drugs or alcohol within 24 hours of the hearing, that he had never been treated for any mental or emotional disorder, that he could read and write in English, and that he

3

went as far as the 12th grade in school.  S.A. 3.[1]  The magistrate judge explained the appeal waiver to Bell multiple times during the plea agreement hearing, and Bell affirmed his understanding of the waiver and agreed to the terms of the plea agreement.  S.A. 31–35.  As such, Bell "knowingly and intelligently agreed to waive the right to appeal."  *Blick*, 408 F.3d at 169.  Although Bell may not have understood the "detailed consequences" of invoking the waiver, the magistrate affirmed his general understanding of how the waiver would apply.  *Thornsbury*, 670 F.3d at 537 (quoting *Ruiz*, 536 U.S. at 629) (emphasis omitted).  Accordingly, Bell's waiver was valid.

## II.

Having determined that the waiver was valid, we turn to the scope of the waiver.  We also review the district courts "interpretation of a plea agreement *de novo*."  *United States v. Jordan*, 509 F.3d 191, 195 (4th Cir. 2007) (citing *United States v. Wood*, 378 F.3d 342, 348 (4th Cir. 2004)).  "It is well-established that the interpretation of plea agreements is rooted in contract law."  *United States v. Peglera*, 33 F.3d 412, 413 (4th Cir. 1994)).  We therefore look to its "plain language" and "ensure that each party receives the benefit of [its] bargain."  *Jordan*, 509 F.3d at 195 (first quoting *United States v. Holbrook*, 368 F.3d 415, 420 (4th Cir. 2004), *vacated on other grounds*, 545 U.S. 1125 (2005); and then citing

---

[1] Citations to "J.A." refer to the joint appendix filed by the parties.  Citations to "S.A." refer to the supplemental appendix filed by the parties.  The J.A. and S.A. contain the record on appeal from the district court.  Page numbers refer to the "J.A. #" and "S.A. #" pagination.

4

*United States v. Ringling*, 988 F.2d 504, 506 (4th Cir. 1993)). "Where the Government seeks to enforce an appeal waiver and the defendant has not alleged a breach of the plea agreement, we will enforce a valid appeal waiver where the issue being appealed is within the scope of the waiver." *United States v. McGrath*, 981 F.3d 248, 250 (4th Cir. 2020) (citing *United States v. Dillard*, 891 F.3d 151, 156 (4th Cir. 2018)).

Bell's appeal waiver reads as follows:

> The defendant also understands that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Nonetheless, the defendant knowingly waives the right to appeal the conviction and any sentence within the statutory maximum described above (or the manner in which that sentence was determined) on the grounds set forth in Title 18, United States Code, Section 3742 or on any ground whatsoever, in exchange for the concessions made by the United States in this plea agreement.

J.A. 19.

The challenges raised in Bell's appeal—the reasonableness of the sentence and the imposition of a consecutive federal sentence—fall plainly within the scope of the waiver. When a district court's order on a § 2255 motion vacates the original sentence and enters a new criminal sentence, "the order is part of the prisoner's criminal case, and, accordingly, a prisoner's appeal of that aspect of the order is part of the petitioner's criminal case." *United States v. Hadden*, 475 F.3d 652, 664 (4th Cir. 2007). Here, Bell challenges his new sentence, not the district court's consideration of his § 2255 motion. His sentence, therefore, is a part of his criminal case. *See id.* The reimposed 240-month sentence is within the maximum statutory penalty for his robbery convictions. *See* 18 U.S.C. § 1951(a). The plain language of the waiver provides that Bell waives "the right to appeal

5

the conviction and any sentence within the statutory maximum," including "the manner in which that sentence was determined." J.A. 19. Accordingly, Bell's challenges on appeal are a part of his criminal case and precluded by the appeal waiver.

We therefore grant the Government's motion to dismiss the appeal of Bell's sentence.[2] Accordingly, Bell's appeal is

*DISMISSED.*

---

[2] Bell's motion to supplement the record on appeal or in the alternative to take judicial notice (ECF No. 73-1) is denied as moot.