**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 23-4611**

———————

UNITED STATES OF AMERICA,

> Plaintiff – Appellee,

v.

ABISAIL RAMIREZ PONCE,

> Defendant – Appellant.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Terrence W. Boyle, District Judge.  (5:22-cr-00104-BO-3)

———————

Submitted:  April 24, 2025                               Decided:  August 25, 2025

———————

Before WILKINSON, GREGORY, and RICHARDSON, Circuit Judges.

———————

Vacated and remanded by unpublished opinion.  Judge Gregory wrote the opinion, in which Judge Wilkinson joined.  Judge Richardson wrote a dissenting opinion.

———————

**ON BRIEF:**  Matthew N. Leerberg, Nathan W. Wilson, FOX ROTHSCHILD LLP, Raleigh, North Carolina, for Appellant.  Michael F. Easley, Jr., United States Attorney, David A. Bragdon, Assistant United States Attorney, Lucy Partain Brown, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

GREGORY, Circuit Judge:

Abisail Ponce accepted a plea agreement for his role in a drug trafficking enterprise and the district court subsequently sentenced him to 240 months imprisonment. On appeal, Ponce argues, amongst other things, that the district court's colloquy fell well below Rule 11's requirements, and due to such deficiencies, both his guilty plea and appeal waiver were not knowingly and voluntarily made.

We agree with Ponce and hold that his guilty plea and appeal waiver were not knowingly and voluntarily made, and enforcing them would result in a miscarriage of justice. As such, we hold that Ponce is entitled to plead anew, and accordingly remand for further proceedings.

I.

Ponce engaged in a drug trafficking enterprise in North Carolina in which he received, stored, and delivered drug shipments from other southern states. J.A. 31. The government's investigation into the enterprise yielded a lengthy indictment against five defendants, including Ponce, but Ponce was only charged with two counts—conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count One) and distribution of 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Count Three). J.A. 10–11. A grand jury indicted Ponce on both counts.

2

On March 21, 2023, Ponce and the government entered into a plea agreement, in which Count One was dropped in exchange for Ponce pleading guilty to Count Three. Sealed J.A. 67, 70, 72. Moreover, as part of the plea agreement, Ponce agreed:

> To waive knowingly and expressly the right to appeal the conviction and whatever sentence is imposed on any ground, including any appeal pursuant to 18 U.S.C. § 3742, and further to waive any right to contest the conviction or the sentence in any post-conviction proceeding, including any proceeding under 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to [Ponce] at the time of [his] guilty plea. The foregoing appeal waiver does not constitute or trigger a waiver by the United States of any of its rights to appeal provided by law.

Sealed J.A. 67–68.

On March 27, 2023, the district court conducted the Rule 11 hearing. An interpreter was sworn and present. *See* J.A. 27. The district court asked Ponce, "Have you been able to speak with your lawyer?" to which Ponce replied, "Yes." *Id*. The district court confirmed with defense counsel and the government that they had no concerns about Ponce's competency to enter a guilty plea and found Ponce competent to proceed. *Id*.

The district court questioned whether Ponce was satisfied with his attorney, and Ponce answered affirmatively. J.A. 28. The district court questioned whether Ponce understood that, by pleading guilty, he would "waive" or "give . . . up" various rights, including the right to a jury trial at which he would have the presumption of innocence and the right to confront and cross-examine witnesses. *Id.* The district court also questioned whether Ponce understood that his lawyer could "present witnesses and evidence" and that he could "either testify or not testify." *Id*. Ponce responded, "Yes." *Id*.

3

The district court determined that Ponce had received a copy of the indictment and informed Ponce that the elements of Count Three to which Ponce was pleading guilty were set out in the plea agreement "in paragraph 3 on pages 4 and 5[.]" J.A. 29–30. The district court did not review the elements of Count Three with Ponce otherwise. With respect to Count Three, the district court only stated:

> In Count 3 you're charged with distributing 50 grams or more of methamphetamine and aiding and abetting in that. The punishment level is exactly the same as it is in Count 1.[1] Do you understand that that's the charge and punishment that you face?

J.A. 29. Ponce stated, "Yes." *Id*. Regarding Ponce's appeal waiver, the district court explained: "you're entering into a written plea agreement with the government? . . . [a]nd in that agreement you're going to plead guilty to Count 3 of the indictment and waive your right to appeal and waive your right to contest the conviction in any post conviction proceeding." J.A. 29. After a summarization of the remainder of the plea agreement, the district court asked, "Is that what you've agreed to?" J.A. 29–30. Ponce stated, "Yes." J.A. 30.

The government provided a factual basis for the crime to which Ponce was pleading guilty. J.A. 30–31. Specifically, the government recited Ponce's conduct—namely, that Ponce was involved in trafficking large quantities of methamphetamine. *Id*. Then, the government explained how an undercover officer and an accomplice identified Ponce and others distributing more than 50 grams of methamphetamine. J.A. 31. The district court

---

[1] At the Rule 11 hearing, the district court previously stated that the punishment for Count One was "not less than ten years, nor more than life, a fine of up to ten million dollars, supervised release of five years to life and a special assessment." J.A. 29.

4

then found "[b]ased on [the] hearing and the evidence presented," that Ponce's plea was "voluntarily made." J.A. 32.

Ponce was sentenced on September 27, 2023. Sealed J.A. 121. At the sentencing hearing, an interpreter was present and sworn. Sealed J.A. 122. The district court ultimately sentenced Ponce to 240 months imprisonment, which was within the guidelines range, as well as five years of supervised release. Sealed J.A. 129. As to Ponce's appellate rights, the district court stated, "Your rights to appeal are probably barred by your appellate waiver, but any review of this would be in the Court of Appeals under the rules of criminal and appellate procedure." *Id*.

## II.

Ponce timely filed an appeal. As relevant here, Ponce argues that neither his guilty plea nor his appeal waiver were knowingly and voluntarily made. We agree with Ponce that the Rule 11 errors were so manifest that vacating his guilty plea is warranted.

### a.

Rule 11 of the Federal Rules of Criminal Procedure "outlines the requirements for a district court plea colloquy, designed to ensure that a defendant 'understands the law of his crime in relation to the facts of his case, as well as his rights as a criminal defendant.'" *United States v. Kemp*, 88 F.4th 539, 545 (4th Cir. 2023). Our case law makes clear that "before accepting a guilty plea, a district court 'must ensure that the defendant understands the nature of the charges to which the plea is offered, any mandatory minimum penalty, the maximum possible penalty, and the various rights the defendant is relinquishing by

5

pleading guilty.'"  *United States v. Taylor-Sanders*, 88 F.4th 516, 522 (4th Cir. 2023) (quoting *United States v. Williams*, 811 F.3d 621, 622 (4th Cir. 2016) (citing Fed. R. Crim. P. 11(b))).

We review the validity of an appeal waiver de novo by considering whether the waiver was knowing and voluntary based on the totality of the circumstances.  *United States v. Smith*, 134 F.4th 248, 255 (4th Cir. 2025).  An "important factor" in evaluating whether an appeal waiver is knowing and voluntary is determining "whether the district court sufficiently explained the waiver to the defendant during the . . . plea colloquy." *United States v. Manigan*, 592 F.3d 621, 627 (4th Cir. 2010).  Indeed, Rule 11(b)(1)(N) specifically mandates that the district court, before accepting a plea of guilty, "address the defendant personally in open court" and "inform the defendant of, and determine that the defendant understands . . . the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence."  Fed. R. Crim. P. 11(b)(1)(N).  "Although a district court's failure to strictly abide by Rule 11 will not render an appellate waiver unenforceable, . . . a waiver is not knowingly or voluntarily made if the district court fails to specifically question the defendant concerning the waiver provision of the plea agreement during the Rule 11 colloquy and the record indicates that the defendant did not otherwise understand the full significance of the waiver[.]"  *Manigan*, 592 F.3d at 627 (internal quotation marks omitted).

Moreover, this Court may also examine a variety of other factors, including whether the appellant "reviewed the plea agreement with his counsel, understood its terms, and had sufficient time to consult with his counsel before signing it."  *United States v. McGrath*,

6

981 F.3d 248, 250 n.1 (4th Cir. 2020).  This Court may also examine "the experience and conduct of the accused, as well as the accused's educational background and familiarity with the terms of the plea agreement."  *United States v. Thornsbury*, 670 F.3d 532, 537 (4th Cir. 2012).

b.

Here, the district court's failure to properly conduct the Rule 11 hearing resulted in a plea that was not knowing or voluntary.  To begin, the district court understated the scope of the appeal waiver by informing Ponce that he waived only his right to appeal his conviction, as opposed to his right to appeal his conviction and sentence.  This is in direct violation of Rule 11 which requires a district court to inform an appellant that he is "waiving the right to appeal or to collaterally attack the sentence."  Fed. R. Crim. P. 11(b)(1)(N).  Hence, because the district court only informed Ponce that he waived his right to appeal his conviction, it understated the scope of Ponce's appeal waiver.  *Smith*, 134 F.4th at 258 (finding district court did not sufficiently explain appellate waiver to appellant because it, amongst other things, "misstated the terms of the appeal waiver by informing Appellant that he waived only his right to appeal his conviction – as opposed to his right to appeal his conviction and *sentence*") (emphasis in original).

The district court similarly erred with respect to other important rights that Ponce waived by pleading guilty.  As the government concedes, the district court did not inform Ponce that he had a right to counsel at every stage in the proceeding.  Fed. R. Crim. P. 11(b)(1)(D); Gov't Resp. Br. at 15.  Nor did the district court explicitly advise him that he had the right to plead not guilty.  Fed. R. Crim. P. 11(b)(1)(B).  And instead of clearly

7

informing Ponce that he had a right to compel the attendance of witnesses and a right to be protected from compelled self-incrimination, Fed. R. Crim. P. 11(b)(1)(E), the district court merely told him that his lawyer "could . . . present witnesses . . . on [his] behalf" and that he "c[ould] either testify or not testify." J.A. 28. It was crucial for the district court to ensure Ponce understood what he was waiving, and its failure to do so was error.

Apart from failing to adequately inform Ponce of all the rights he was waiving by pleading guilty, the district court also failed to verify that his guilty plea did not result from force, threats, or promises. Fed. R. Crim. P. 11(b)(2). And the district court did not inform Ponce that he could face additional prison time if he violated the terms of his supervised release, that he could be prosecuted for perjury for false statements, that he could be ordered to pay restitution, and that, in determining a sentence, the court was obligated to calculate the applicable sentencing-guideline range and to consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a). *See* Fed. R. Crim. P. 11(b)(1)(A), (H), (K), (M); *United States v. King*, 91 F.4th 756, 762 (4th Cir. 2024). While the government is correct to point out that some of this information was included in the plea agreement, Gov't Resp. Br. at 17, the district court did not ask Ponce whether he had reviewed the plea agreement with his counsel or ensure that he understood all its terms.

8

To be sure, some of these errors are arguably harmless[2] under Rule 11(h), but the combination of mistakes at this particular Rule 11 hearing are too material to ignore.  It is that combination that deprives us of confidence in the plea and creates a reasonable probability that Ponce would not have pleaded guilty.  *See United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004).  This is especially so considering the purpose of a Rule 11 hearing is to apprise the defendant in a single place of what rights he retains and what rights he is giving up, which the district court failed to do.  Accordingly, we find that vacating Ponce's guilty plea is proper.

In light of our ruling, we decline to address the other issues raised by Ponce on appeal and deny the government's motion to strike as moot.

### III.

For the foregoing reasons, we vacate the judgment of the district court and remand for further proceedings.

*VACATED AND REMANDED*

---

[2] For instance, the government says Ponce was not ordered to pay restitution, does not face prosecution for perjury, and already faced the possibility of life in prison.  Gov't Resp. Br. at 15–20.

9

RICHARDSON, Circuit Judge, dissenting:

Despite agreeing that Ponce's Rule 11 colloquy suffered from several unobjected-to errors, I do not believe that Ponce has met his burden on plain-error review to show that these errors affected his substantial rights by establishing "a reasonable probability that, but for the error, he would not have entered the plea." *United States v. Dominguez Benitez*, 542 U.S. 74, 82–83 (2004); *United States v. Kemp*, 88 F.4th 539, 545 (4th Cir. 2023). I respectfully dissent.