**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 25-4022**

_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

CHRISTOPHER HILL,

        Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Dever III, District Judge.  (7:23-cr-00056-D-BM-1)

_____

Submitted:  October 30, 2025                Decided:  November 4, 2025

_____

Before RUSHING and BENJAMIN, Circuit Judges, and KEENAN, Senior Circuit Judge.

_____

Dismissed in part and affirmed in part by unpublished per curiam opinion.

_____

**ON BRIEF:** Helen Celeste Smith, Apex, North Carolina, for Appellant.  David A. Bragdon, Katherine Simpson Englander, Assistant United States Attorneys, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Christopher Hill pled guilty pursuant to a written plea agreement to conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine, five kilograms or more of cocaine, and a quantity of heroin, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846, and distribution of 50 grams or more of methamphetamine, in violation of § 841(a)(1), (b)(1)(A). The district court sentenced Hill to 204 months' imprisonment and five years of supervised release. On appeal, Hill's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether Hill's sentence is procedurally reasonable. Although informed of his right to do so, Hill has not filed a pro se supplemental brief. The Government moves to dismiss Hill's appeal pursuant to the appellate waiver in his plea agreement. We grant the Government's motion in part, dismiss the appeal in part, and affirm in part.

"Where the Government seeks to enforce an appeal waiver and the defendant has not alleged a breach of the plea agreement, we will enforce a valid appeal waiver where the issue being appealed is within the scope of the waiver." *United States v. McGrath*, 981 F.3d 248, 250 (4th Cir. 2020). "A waiver is valid if the defendant knowingly and intelligently agreed to waive the right to appeal." *Soloff*, 993 F.3d at 243 (citation modified). "To determine whether a waiver is knowing and intelligent, we examine the totality of the circumstances, including the experience and conduct of the accused, as well as the accused's educational background and familiarity with the terms of the plea agreement." *United States v. Thornsbury*, 670 F.3d 532, 537 (4th Cir. 2012) (citation

2

modified). "Generally though, if a district court questions a defendant regarding the waiver of appellate rights during the [Fed. R. Crim. P.] 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *United States v. McCoy*, 895 F.3d 358, 362 (4th Cir. 2018) (citation modified).

Our review of the record confirms that Hill knowingly and intelligently waived his right to appeal his sentence, with limited exceptions not applicable here. We therefore conclude that the waiver is valid and enforceable and that the sentencing issue counsel raises falls squarely within the scope of the waiver.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no potentially meritorious grounds for appeal outside the scope of Hill's valid appellate waiver. We therefore grant the Government's motion to dismiss in part and dismiss the appeal as to all issues covered by the waiver. We deny the motion in part and otherwise affirm.

This court requires that counsel inform Hill, in writing, of the right to petition the Supreme Court of the United States for further review. If Hill requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Hill. We dispense with oral argument because the facts and

3

legal contentions are adequately presented in the materials before this court and argument

would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*